IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST
Electronically Filed on October 2, 2006

| | | |
|---|---|---|
| ALION SCIENCE AND TECHNOLOGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-682-C<br>(Judge Bruggink) |

**MOTION FOR LEAVE TO INTERVENE**

Advanced Engineering & Sciences, a division of ITT Corporation ("ITT"), the awardee of the contract that is the subject of this protest action, moves the Court, pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims, for leave to intervene in the action as of right. In the alternative, ITT seeks leave to intervene by permission under RCFC 24(b).

Defendant United States does not object to the proposed intervention. Counsel for Plaintiff Alion Science and Technology Corporation ("Alion") has informed counsel for ITT that Alion objects to ITT's intervention as of right under RCFC 24(a), but does not object to ITT's permissive intervention under RCFC 24(b).

The grounds supporting ITT's motion are set forth in the accompanying ITT's Memorandum in Support of Motion for Leave to Intervene.

WHEREFORE, ITT respectfully requests that this Court grant ITT's Motion for Leave to Intervene in this action. A proposed Order is attached.

Respectfully submitted,

s/

Thomas C. Papson

McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 496-7639
(202) 496-7756, facsimile

Attorney of Record for Plaintiff
Advanced Engineering & Sciences, a
division of ITT Corporation

Of Counsel:

Jason N. Workmaster
Kara M. Klaas
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 496-7500

Dated: October 2, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST
Electronically Filed on October 2, 2006

| | |
|---|---|
| ALION SCIENCE AND TECHNOLOGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 06-682-C<br>(Judge Bruggink) |

**MEMORANDUM IN SUPPORT OF**
**ITT'S MOTION FOR LEAVE TO INTERVENE**

Advanced Engineering & Sciences, a division of ITT Corporation ("ITT") submits this memorandum in support of its motion for leave to intervene in the above-captioned action as of right under RCFC 24(a) or, in the alternative, permissively under RCFC 24(b).

**STATEMENT OF THE CASE**

This is a bid protest action challenging the award of a contract known as the Joint Spectrum Center ("JSC") Electromagnetic Spectrum Engineering Services ("ESES") contract to ITT. The solicitation for the contract was issued on February 23, 2005, by the Defense Information Systems Agency ("DISA"). Three offerors, including ITT and Alion Science and Technology Corporation ("Alion"), submitted proposals. On July 22, 2005, the Source Selection Authority ("SSA") selected ITT for award on a best value basis, finding that its proposal was technically superior to Alion's and that ITT had a

lower evaluated cost. The agency formally awarded the Contract, No. HC1047-05-C-4049, to ITT on August 5, 2005.

Alion then filed several related protests of the award with the Government Accountability Office ("GAO"). The gist of those protests was a claim that ITT had what Alion characterized as an "unmitigatable" organizational conflict of interest that should have made ITT ineligible for award. All parties — Alion, DISA, and ITT — agreed that ITT would have certain conflicts of interest in performing the contract. The dispute centered on the extent of those conflicts and whether or not ITT had proposed an adequate and acceptable plan for avoiding or mitigating the conflicts during performance. In particular, ITT had proposed a team of eight subcontractors with overlapping technical expertise and experience in various areas required for contract performance. To mitigate its potential conflicts, ITT proposed, inter alia, to assign any tasks as to which ITT's objectivity might be impaired due to its other business interests to one of its subcontractors. That subcontractor would be "firewalled" from communicating with ITT about the substance of the task.

On January 9, 2006, GAO issued a decision rejecting Alion's theory that ITT had an unmitigatable conflict, but sustaining the protest on the ground that DISA had failed to adequately identify the nature and extent of ITT's likely conflicts. *See Alion Science & Technology Corp.*, B-297022.3, Jan. 9, 2006, 2006 CPD ¶ 2 ("*Alion I*"). GAO therefore recommended that the agency reconsider the extent of the impaired-objectivity conflicts of interest that ITT would likely encounter in contract performance, assess the impact of ITT's proposed use of "firewalled" subcontractors to mitigate such conflicts on ITT's

quality of performance, and make a new source selection decision. *Id.* DISA agreed to fully implement GAO's recommendations.

The agency then obtained revised and updated Organizational Conflict of Interest Mitigation Plans from both offerors and performed an exhaustive analysis of ITT's potential conflicts of interest and of the potential impact on quality of service resulting from ITT's proposed use of firewalled subcontractors to perform the conflicted work. DISA set forth its analysis of these matters in a 40-page narrative report, accompanied by some 450 pages of task-specific "OCI worksheets." The narrative portion of the report, titled *Impaired Objectivity (IO) Organizational Conflict of Interest (OCI) Assessment of ITT Industries, Inc.*, is Exhibit C to Alion's memorandum in support of its motion for a preliminary injunction.

On June 8, 2006, based on the results of the agency's new assessment of ITT's potential conflicts and their likely impact on ITT's performance, the SSA reaffirmed her previous selection of ITT for contract award. She found that ITT could avoid or mitigate its potential conflicts and that ITT's proposed use of firewalled subcontractors "will result in minimal cost, schedule and quality impacts." Memorandum for Head of Contracting Activity at 1. On June 9, 2006, the agency directed ITT to resume contract performance under the previously awarded contract and ITT in fact commenced performance.

On June 20, 2006, Alion filed a new GAO protest, obtaining a new statutory stay of performance. On September 26, 2006, after extensive submissions from all parties, GAO issued a decision denying the protest. GAO found: (i) Alion "has not identified

any material aspect of the agency's review and analysis that renders the agency's conclusions unreasonable;" (ii) the agency's identification of potential conflicts "appears to be thorough and complete;" and (iii) the agency reasonably concluded that the impact on quality of performance by ITT's reliance on firewalled contractors would be "minimal." *Alion Science & Technology Corp.*, B-297022.4 and .5, Sept. 26, 2006, slip op. at 8-10 ("*Alion II*"). A copy of that decision is attached as Exhibit 1.

On September 29, 2006, Alion commenced this protest action challenging DISA's decision to award a contract to ITT and asking the Court to enjoin the agency from following GAO's recommendations.[1] ITT, as the contract awardee, now seeks to intervene in the action as of right or, in the alternative, by the Court's permission.

## ARGUMENT

### I. ITT SHOULD BE PERMITTED TO INTERVENE IN THIS ACTION AS OF RIGHT

Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC") provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

[1] Because the latest Alion protest was denied, GAO granted no relief and made no "recommendations." It is not clear, therefore, exactly what it is that Alion is asking the Court to enjoin.

For the reasons stated below, ITT meets each of the requirements of the rule and should be permitted to intervene as of right.

First, ITT's application for intervention is plainly timely. This action was filed on Friday afternoon, September 29, 2006. This motion is being filed on Monday, October 2, 2006, the next business day.

Second, ITT "claims an interest relating to the property or transaction which is the subject of the action," in that ITT is the awardee of the contract at issue in this protest.

Third, because Alion asks the Court to overturn the award of the contract to ITT, to find that ITT should have been disqualified, and to direct award to Alion, *see* Complaint Count IV, the disposition of this action in Alion's favor would impair ITT's ability to protect its direct economic interests relating to the contract.

Finally, ITT's interests may not be adequately represented by the United States. Although the United States and DISA presumably will support the contract award and oppose the preliminary and permanent relief sought by Alion, only ITT can adequately describe to the Court the harm it will suffer in the event the Court were to enjoin ITT's performance of the contract. Further, the United States and DISA have institutional interests in this matter that are different from ITT's private interests as the contract awardee.

Based upon the foregoing, ITT submits that intervention as of right by ITT is appropriate in this case. This Court routinely permits awardees to intervene in bid protest actions. *See, e.g., Overstreet Elec. Co. v. United States*, 59 Fed. Cl. 99 (2003); *SDS Int'l v. United States*, 48 Fed. Cl. 742 (2001). Further, as the Federal Circuit has recognized:

"[T]he requirements for intervention are to be construed in favor of intervention. . . ." *American Maritime Transport, Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989).

We understand that Alion takes the position that ITT is not entitled to intervene as of right based on its claim on the merits that ITT should have been disqualified and is therefore not an interested party. That, of course, is entirely circular. It presumes not only that Alion will succeed on the ultimate merits, but that it will do so on the basis of its legally unsupportable theory — already rejected twice by GAO — that ITT has conflicts of interest that cannot be avoided or mitigated as permitted by FAR Subpart 9.5. A party's intervention is not the time for resolving merits issues. For now, as the putative awardee of the contract in question, it is enough that ITT "***claims*** an interest relating to the property or transaction which is the subject of the action." RCFC 24(a) (emphasis added).

## II. EVEN IF ITT IS NOT ENTITLED TO INTERVENE IN THIS ACTION AS OF RIGHT, ITT SHOULD BE PERMITTED TO INTERVENE PERMISSIVELY

Even if ITT were not entitled to intervene in this action as of right, the Court may grant ITT leave to intervene on a permissive basis under RCFC 24(b). Under that Rule,

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

ITT's motion to intervene also satisfies the requirements of RCFC 24(b).

As the awardee of the contract whose award is challenged in this action, ITT's defenses to the Complaint and opposition to Alion's request for preliminary and permanent injunctive relief have numerous questions of law and fact in common with the instant action. Further, ITT's intervention in this action will not unduly delay or prejudice the adjudication of the rights of the original parties. Indeed, ITT is filing its motion to intervene at the very outset of this litigation and ITT will satisfy the deadlines set by the Court without delay. Further, ITT's participation will not prejudice the adjudication of the rights of the original parties, but will ensure that the Court has a complete and accurate picture of the facts and circumstances of this case, including the substantial and irreparable harm that ITT would suffer if the Court grants the preliminary injunctive relief sought by Alion. Further, neither of the other parties objects to ITT's permissive intervention.

Accordingly, even if the Court were to determine that ITT is not entitled to intervene in this action as of right, ITT respectfully requests that the Court grant ITT permission to intervene in this action under RCFC 24(b).

## CONCLUSION

For the reasons stated herein, ITT respectfully requests that the Court determine that ITT may intervene in this action as of right pursuant to RCFC 24(a). In the alternative, ITT requests that the Court grant ITT permission to intervene in this action pursuant to RCFC 24(b).

Respectfully submitted,

s/
Thomas C. Papson

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7639
(202) 496-7756, facsimile

Attorney of Record for Plaintiff
Advanced Engineering & Sciences, a
division of ITT Corporation

Of Counsel:

Jason N. Workmaster
Kara M. Klaas
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

Dated: October 2, 2006